Kevin L. Burns
**BURNS, NICKERSON & TAYLOR, PLC**
3033 N. Central Avenue, Suite 555
Phoenix, AZ 85012
(602) 264-5555
Bar #009942
Kevin.burns@bntazlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 19-08249-002-PCT-DJH |
| Plaintiff, | **MOTION TO SEVER CO-DEFENDANT PER *BRUTON*** |
| vs. | |
| Armondo Francisco Whiterock, | |
| Defendant. | |

Defendant Armondo Whiterock respectfully requests that his case be severed from that of his co-defendant, Shawnavon Curley. This request is made because co-defendant Curley made statements to law enforcement wherein he implicates both himself and Mr. Whiterock in crimes named in the indictment. These statements, while admissible as statements against Mr. Curley's penal interest, are inadmissible hearsay against Defendant Whiterock. Failure to grant a severance will violate the Sixth Amendment Confrontation Clause, as well as Defendant's due process right to a fair trial as provided for by the Fifth Amendment of the United States Constitution. This motion is made pursuant to Rule 14 of the *Federal rules of Criminal Procedure* and *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**INDICTMENT.**

In this case Defendant Whiterock and co-defendant Curley are each named in the indictment, which alleges seventeen felony counts. The charges from the indictment include the following:

    Count 1: Felony Murder;

    Count 2: Second Degree Murder;

    Counts 3, 6, 8: Kidnapping;

    Counts 11, 13: Kidnapping of a Child;

    Counts 4, 7, 9: Assault with a Dangerous Weapon;

    Counts 12, 14: Assault with a Dangerous Weapon on a Child;

    Counts 5, 10: Assault Resulting in Serious Bodily Injury;

    Count 15: Robbery of Adult and Child;

    Count 16: Burglary;

    Count 17: Arson.

**RELEVANT FACTS.**

On September 13, 2019, co-defendant Shawnavon Curley was arrested by members of law enforcement and subsequently questioned. During questioning Mr. Curley gave a detailed statement pertaining to the murder and related counts named in the indictment. As part of his statement, Mr. Curley gave a detailed description surrounding

Mr. Whiterock's offense conduct in this case. Mr. Culey's statement to police included allegations that Mr. Whiterock was at the scene, broke into the victim's residence, was armed with a weapon, assaulted occupants and stole property, amongst other things. The full statement by Mr. Curley is set forth in an investigative report. *See*, **Exhibit "A"**, attached.

It is believed that the Government will seek to introduce Mr. Curley's statement during Mr. Whiterock's and Mr. Curley's joint trial.

**LAW.**

The Sixth Amendment guarantees the accused the right to confront and to cross-examine witnesses against him. *Lilly v. Virginia*, 527 U.S. 116, 123-24 (1999); *Bruton*, 391 U.S. at 126. When the government seeks to introduce an accomplice's hearsay statements against the accused, the court must decide whether the Sixth Amendment permits the government to dispense with the accused's usual guarantee of confrontation and cross-examination. *Lilly*, 527 U.S. at 124. This Court has the authority to sever Mr. Whiterock's trial, and thus preserve his right of confrontation and cross-examination. U.S. Const. amend. VI; Fed. R. Crim. P. 14.

In *Bruton*, the Supreme Court held that the admission in a joint trial of a co-defendant's confession, which implicated the defendant, violated the defendant's Sixth Amendment right to confront and cross-examine when the co-defendant, whose statement was introduced, did not testify. 391 U.S. at 126. The Supreme Court has repeatedly reaffirmed the validity of *Bruton's* Sixth Amendment analysis. See, e.g., *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (holding that "where two defendants are tried jointly, the

pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand.").

Here, the government may seek to introduce statements by the co-defendant that mention Mr. Whiterock. Any such statements made by the co-defendant are inadmissible, prejudicial hearsay and cannot be admitted at a joint trial where Defendant Whiterock has no opportunity to cross-examine the co-defendant regarding that statement. Admission of such a statement in a joint trial violates Defendant's Sixth Amendment right to confront and cross-examine witnesses against him. The Supreme Court has stated several times that "'the naive assumption that prejudicial effects can be overcome by instructions to the jury'" is to "'all practicing lawyers known to be unmitigated fiction.'" *Bruton*, 391 U.S. at 129 (quoting *Krulewitch v. United States.*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring)). The Court in *Bruton* held that instructing the jury to disregard the evidence was inadequate to remedy the significant prejudice inherent in such evidence. *Id*. at 135-36. The Court reaffirmed this principle in *Cruz v. New York*, 481 U.S. 186, 192-93 (1987), holding that an instruction to disregard such evidence is deficient when a co-defendant's confession, which directly incriminates the defendant, is admitted into evidence without the co-defendant being compelled to testify.

Similarly, a court's removal of a co-defendant's name from a statement that obviously refers to him does not ameliorate a *Bruton* problem. See, *Gray v. Maryland*, 523 U.S. 185, 195-196; *Mason v. Yarborough*, 447, F.3d 693, 695 (9th Cir. 2006).

Based upon these reasons counsel requests a severance.

4

**CONCLUSION.**

Should the government seek to introduce statements of a co-defendant in this case, a *Bruton* confrontational issue is created. To avoid a potential mistrial arising from this issue, it is requested that this court sever Defendant's case from that of his co-defendant, Shawnavon Curley.

Excludable delay under 18 U.S.C. § 3161(h)(1)(A) and 7(A) may occur as a result of this motion or an order based thereon.

RESPECTFULLY SUBMITTED this ___25th___ day of September, 2020.

/s/ Kevin L. Burns
Kevin L. Burns
**BURNS, NICKERSON & TAYLOR, PLC**

I hereby certify that on September 25, 2020, I electronically transmitted the attached document to be electronically transmitted to the Clerk of the Court using the CM/ECF System for filing.

By: /s/ Kevin Burns

5