GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
JILLIAN BESANCON
Assistant U.S. Attorney
California State Bar No. 285869
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jillian.besancon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR- 19-08249-002-PCT-DJH |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Armondo Francisco Whiterock, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Armondo Francisco Whiterock, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 2 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 1153 and 1111, CIR - Second Degree Murder, a Class A felony offense; and Count 15 of the Indictment charging the defendant with a violation of 18 U.S.C. §§ 1153, 3559(f), and 2111, CIR - Robbery of Adult and Child, a Class A felony offense.

2. **MAXIMUM PENALTIES**

    a.  A violation of 18 U.S.C. §§ 1153 and 1111 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of life, or both a fine and imprisonment, and a term of supervised release of up to five years. A violation of 18 U.S.C. §§ 1153, 3559(f), and 2111 is punishable by a maximum fine of $250,000, a minimum term of

1  imprisonment of ten years and maximum term of imprisonment of life, or both a fine and
2  imprisonment, and a term of supervised release of up to five years.

3      b.      According to the Sentencing Guidelines issued pursuant to the Sentencing
4  Reform Act of 1984, the Court shall order the defendant to:

5      (1)      make restitution to any victim of the offense pursuant to 18 U.S.C.
6  § 3663 and/or 3663A, unless the Court determines that restitution would not be
7  appropriate;

8      (2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
9  fine is not appropriate;

10      (3)      serve a term of supervised release when required by statute or when a
11  sentence of imprisonment of more than one year is imposed (with the understanding that
12  the Court may impose a term of supervised release in all other cases); and

13      (4)      pay upon conviction a $100 special assessment for each count to
14  which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

15      c.      The Court is required to consider the Sentencing Guidelines in determining
16  the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court
17  is free to exercise its discretion to impose any reasonable sentence up to the maximum set
18  by statute for the crime(s) of conviction, unless there are stipulations to the contrary that
19  the Court accepts.

20  **3.**      **AGREEMENTS REGARDING SENTENCING**

21      a.      <u>Stipulation: Sentencing Cap</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the
22  United States and the defendant stipulate that the defendant shall be sentenced to a term of
23  imprisonment of no more than 30 years. The defendant understands and acknowledges that
24  this stipulated cap may fall outside the advisory Sentencing Guidelines range and that he
25  may be subject to a variance under 18 U.S.C. § 3553(a) and/or Sentencing Guidelines
26  departures, including but not limited to a departure under U.S.S.G. § 5K2.21.

27      b.      <u>Stipulation: Applicable Sentencing Guideline</u>.  Pursuant to Fed. R. Crim. P.
28  11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be subject

1 to a base offense level of 43 pursuant to U.S.S.G. § 2B3.1(c)(1) (Robbery Guideline Cross-Reference) and U.S.S.G. § 2A1.1 (First Degree Murder Guideline). This stipulation does not preclude other adjustments, departures, or variances from the base offense level.

  c.  <u>Recommendation: Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

  d.  <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

  e.  <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $5,000,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims" also include persons or entities (whether private or government: state, federal or tribal) that have paid for costs related to defendant's conduct, including insurance providers and health care providers (including those such as Medicaid, Medicare, and AHCCCS). Even if a victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures and future expenses related to treatment for mental or emotional trauma suffered by the victims. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and

1 traditional Native American ceremonies treatment. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

   f.   Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

   If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

**4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss all remaining counts in the Indictment against the defendant.

   b.   This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a.  If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   b.  If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

   The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

1 misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.     The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.     Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**CIR – Second Degree Murder**

On or about September 13, 2019, in the District of Arizona:
1. The defendant unlawfully killed victim M.W.;
2. The defendant killed the victim with malice aforethought;
3. The crime occurred on an Indian Reservation, in Indian Country; and
4. The defendant was an Indian at the time of the crime. Specifically, at the time of the crime the defendant had some quantum of Indian blood and was a member of or was affiliated with a federally-recognized tribe.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

**CIR – Robbery of Adult and Child**

On or about September 13, 2019, in the District of Arizona:
1. The defendant took or attempted to take something of value from the person or presence of M.W., P.W., S.W., John Doe 1, a child under the age of 18 years, and John Doe 2, a child under the age of 18 years;
2. The defendant did so by force and violence, or by intimidation;
3. The defendant used a dangerous weapon during and in relation to the offense;
4. The crime occurred on an Indian Reservation, in Indian Country; and
5. The defendant was an Indian at the time of the crime. Specifically, at the time of the crime the defendant had some quantum of Indian blood and was a member of or was affiliated with a federally-recognized tribe.

///
///
///

## 10. FACTUAL BASIS

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On or about September 13, 2019, within the confines of the Navajo Indian Reservation, Indian Country, in the District of Arizona, I, ARMONDO FRANCISCO WHITEROCK, along with co-defendant SHAWNAVON CURLEY, JUVENILE 1, and JUVENILE 2, participated in a home invasion of the W. family home. We coordinated, worked together, and aided and abetted each other to threaten and attack the W. family and steal items from their home. Our collective actions, including my own actions, resulted in the death of M.W. and injury of other W. family members.
>
> Along with my accomplices, I forcibly entered the W. family home in the early morning while the W. family slept. CURLEY, JUVENILE 1, and I all carried bats, which we used to physically assault and intimidate M.W., P.W., S.W., John Doe 1, and John Doe 2. I personally took actions including hitting S.W. with a bat in the shoulders and back and lighting on fire a handkerchief stuck to the ceiling. While I was attacking S.W., M.W. tried to help S.W. Along with my accomplices, I unlawfully killed M.W. with malice aforethought. Specifically, I intentionally kicked M.W. ~~and~~ CURLEY and JUVENILE 1 struck M.W. with bats. M.W. died from blunt head trauma as a result of this attack. *[handwritten initials: AB, M.A.]*
>
> My accomplices and I stole items of value including a vehicle, a firearm, a pellet gun, a cellular telephone, a speaker, and headphones from the person and presence of M.W., P.W., S.W., John Doe 1, and John Doe 2. CURLEY, JUVENILE 1, JUVENILE 2, and I left the W. home in the stolen vehicle. CURLEY was driving and I was sitting in the front passenger seat. JUVENILE 1 also drove the stolen vehicle and was driving when the stolen vehicle crashed. I broke one of the stolen vehicle's windows after the crash. I later participated in hiding the stolen firearm in the trunk of a different vehicle at JUVENILE 2's residence.
>
> I was an Indian at the time of the crimes. Specifically, at the time of the crimes, I had a sufficient quantum of Indian blood and was a member of and was affiliated with a federally recognized tribe, namely the Navajo Indian Tribe.
>
> JUVENILE 1's true name is listed at page 000067 of the discovery. JUVENILE 2's true name is listed at page 000061 of the discovery. The true names of M.W., S.W., P.W., John Doe 1, and John Doe 2 are listed in the unredacted Indictment. John Doe 1 and John Doe 2 are both children under 18 years old.

b. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any

intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

10/23/21
Date

ARMONDO WHITEROCK
Armondo Francisco Whiterock
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide

effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/4/2021
Date

Mark Andersen
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

11/2/21
Date

Jillian Besancon
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Date

Honorable Diane J. Humetewa
United States District Court Judge

- 11 -