GARY M. RESTAINO
United States Attorney
District of Arizona
JILLIAN BESANCON
Assistant U.S. Attorney
California State Bar No. 285869
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Jillian.Besancon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-08249-PCT-DJH-002 |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Armondo Francisco Whiterock, | |
| Defendant. | |

The W. family was asleep in their beds on the early morning of September 13, 2019 when Defendant Armondo Francisco Whiterock and others perpetrated a violent and senseless home invasion. The assailants attacked the family members with weapons, murdering grandfather M.W., seriously injuring the other adults and children, destroying property, and stealing items including a vehicle and a rifle.

The United States respectfully requests that the Court accept the plea agreement and adopt the calculations in the final Presentence Investigation Report. (Doc. 192 ("PSR").) For his role in the robbery of the W. family and murder of M.W., Whiterock should be sentenced to a term of imprisonment of no more than 360 months. If the Court determines a below-Guidelines sentence is appropriate, the United States asks the Court to impose a sentence of at least 324 months in consideration of all the 18 U.S.C. § 3553(a) factors.

I.      **Factual and Procedural Background**

Whiterock was charged with seventeen counts related to the home invasion perpetrated against the W. family, including first-degree felony murder, second-degree murder, kidnapping, kidnapping of child, assault with a dangerous weapon, assault with a dangerous weapon on child, assault resulting in serious bodily injury, robbery of adult and child, burglary, and attempted arson. (Doc. 17.) Whiterock pled guilty to second-degree murder and robbery of adult and child pursuant to a plea agreement providing his sentence shall not exceed 30 years. (Doc. 128.)

The Presentence Investigation Report accurately states the facts of these offenses and summarizes their impact on the surviving W. family members. (PSR ¶¶ 3-43.) In Whiterock's own recitation of events, he and three others went to the W. home to recover items one of the residents, Q., had stolen from them. (PSR ¶ 29.) Co-defendant Curley's statement to law enforcement indicated that the group went to the W. home because of a family feud and a dispute with Q., and there is evidence that the offense was also related to retaliation over a romantic interest. (PSR ¶¶ 10, 12, 21, 34.) Whiterock admitted he and the others carried bats to the W. home. (PSR ¶ 29.) He reported that a juvenile assailant ("Juvenile 1") kicked open the door and told everyone to get on the ground. (PSR ¶ 29.) Q. was not in the house. According to co-defendant Curley, after discovering Q. was not there, "it just all clicked in all of our heads" that they were going to rob the W. family. (Discovery CURLEY_000234.)

The assailants brutally and indiscriminately attacked members of the W. family with bats and a knife. Sixty-four-year-old M.W. was killed. (PSR ¶ 4.) His wife P.W. (age sixty-one), daughter S.W (age forty-three), and sons John Doe 1 (age sixteen) and John Doe 2 (age fifteen) were all assaulted and suffered varying levels of injury. (PSR ¶ 6.) A five-year-old grandchild was also in the house during the attack and was not physically injured. (PSR ¶ 12; Doc. 192-1 at 2.) The assailants also destroyed property, searched for valuables to steal, and asked for money and car keys. (*See* PSR ¶ 23.) P.W. estimated that

the assailants broke into her home around 4:30 in the morning and the attack lasted about an hour and a half. (*See* PSR ¶ 23.)

Although Whiterock acted with others, he himself played an active and substantial role in the crimes. When the assailants entered the house, Whiterock went to Q.'s room to look for the stolen items. (PSR ¶ 29.) John Doe 2 recalled that Whiterock and Curley walked around the house looking for items to steal and damaging the W. family's belongings. (PSR ¶ 19.) In his plea agreement, Whiterock admitted he participated in attacking the W. family, specifically by kicking M.W. and striking S.W. with a bat. (Doc. 128 at 8.) P.W. reported Whiterock tried to start a fire and repeatedly said he was going to burn down the whole house. (PSR ¶ 22.) Whiterock also stole a firearm from the W. family's home, and later broke their vehicle's window. (PSR ¶ 32; Doc. 128 at 8.)

The assailants left the W. family members' lives and home in shambles. M.W. died at the scene from blunt head trauma and had other injuries as described in the PSR. (PSR ¶ 24.) S.W. sustained life-threatening injuries including liver and diaphragm damage, stab wounds, and permanent arm injury. She had surgery to remove her spleen. (PSR ¶ 28.) John Doe 2 has permanent vision loss and was hospitalized overnight with a concussion and forehead laceration. (PSR ¶ 192-1 at 4.) P.W. suffered injuries including a concussion, lacerations, and arm contusions. (Discovery CURLEY_000609-643.) John Doe 1 had severe pain, a head injury, and cuts to his hand. (Discovery CURLEY_000489-541.) Their house sustained considerable damage and their vehicle was crashed and then further damaged by the assailants. (PSR ¶¶ 7, 38.)

P.W., S.W., and John Doe 2 have submitted victim impact statements for the Court's consideration. (Doc. 192-1.) The victims also plan to attend the sentencing hearing and address the Court directly. It is impossible to overstate the lifelong impact these offenses have had and will continue to have on the W. family.

The Presentence Investigation Report writer accurately calculates an advisory Sentencing Guidelines range of 360 months to life and recommends a sentence of 360 months on each court, to be served concurrently. (PSR at 22.)

## II. United States' Sentencing Recommendation

The United States recommends the Court impose a sentence of 360 months because the Sentencing Guidelines and 18 U.S.C. § 3553(a) factors warrant a substantial penalty in this case. If the Court varies downward from the Guidelines range, however, it should impose a sentence of at least 324 months.

Whiterock's crimes are among the most serious in federal law and the nature and circumstances of the offenses are egregious. Whiterock had multiple victims—including children—and his conduct was unprovoked. Whiterock and the other assailants murdered M.W. and destroyed the other victims' lives to settle personal scores and for the chance to steal personal property as trivial as a speaker and headphones. (PSR ¶ 19.)

In addition to the offense conduct, § 3553(a) requires the Court to consider the defendant's history and characteristics. The United States acknowledges that Whiterock had a difficult upbringing and has struggled with substance abuse since childhood. (PSR ¶¶ 85-86, 90.) He did not complete high school and his only period of employment was unsuccessful due to his alcohol use. (PSR ¶¶ 91-92.) Whiterock committed this offense at age 20 and has no countable criminal history other than this incident. (PSR ¶¶ 76-83.) Now, at age 23, he is likely to receive a sentence longer than he has been alive.

Section 3553(a) further directs the Court to consider the need to avoid sentencing disparities among similarly-situated offenders. The applicable sentencing range is driven by the robbery Guideline, which contains a cross-reference to the first-degree murder Guideline. (PSR ¶ 48.) This application of the cross-reference results in a higher sentencing range than that of other offenders convicted only of second-degree murder: for a defendant with no criminal history who receives a three-level reduction for acceptance of responsibility, the Guidelines range for second-degree murder is 168-210 months. *See* U.S.S.G. § 2A1.2. Here, the higher sentencing range is justified and it would not create an unwarranted sentencing disparity for Whiterock to receive a significantly higher sentence than others convicted only of second-degree murder. This case stands apart from other second-degree murder cases because Whiterock also pleaded guilty to robbery of adult and

child; faced a felony murder charge with a mandatory life sentence; and committed other serious offenses against multiple victims.

In this case specifically, Whiterock is the second defendant to be sentenced.[1] Co-defendant Curley, who is younger than Whiterock but similarly culpable, was sentenced by this Court to 324 months of imprisonment. Curley entered into a plea agreement with the same sentencing stipulations and faced the same Guidelines range.[2] At Curley's sentencing, the Court varied downward from the Guidelines range due to Curley's young age (18 at the time of the offenses), drug or alcohol dependence, and lack of criminal history.

The nature and circumstances of the offenses support the imposition of a 360-month sentence to provide just punishment, promote respect for the law, afford adequate deterrence, and protect the public. If the Court finds it appropriate to impose a below-Guidelines sentence for the reasons it did in co-defendant Curley's case, the United States requests a sentence of at least 324 months. No lesser sentence would be sufficient to recognize the harm suffered by the victims and provide an adequate sanction.

The Court should also impose five years of supervised release as an additional measure of deterrence and impose the conditions recommended by the Probation Officer.

---

[1] Section 3553(a)(6) requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although § 3553(a)(6) "aims primarily at the minimization of disparities among defendants nationally" and "a defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences," a district court still may consider avoiding disparities among co-defendants at sentencing. *United States v. Pena-Santo*, 809 F.3d 686, 705 (1st Cir. 2015) (quotation marks and citations omitted); *United States v. Smith*, 540 F. App'x 854, 860-61 (10th Cir. 2013). Section 3553(a)(1) allows comparison between co-defendants to determine the nature and circumstances of the offense as to each defendant and each defendant's relative culpability. *United States v. Saeteurn*, 504 F.3d 1175, 1181-1182 (9th Cir. 2007).

[2] The other participants in this offense were juveniles. Juvenile 1 was perhaps the most culpable of the assailants. But if sentenced for these offenses, he would be subject to the provisions of the Federal Juvenile Delinquency Act (absent a transfer to adult status) and would be subject to the lesser of five years of imprisonment or the maximum adult guideline. 18 U.S.C. § 5037.

Whiterock's history and the circumstances of his offenses show that alcohol, substance abuse, and mental health treatment are necessary to decrease his risk of recidivism. The maximum term of supervised release will provide an additional measure of deterrence and protection to the public and will assist Whiterock in reintegrating into society.

**III.    Restitution**

The United States asks the Court to order restitution in the amount of $89,098.39 as recommended by the probation officer and documented in the PSR. (PSR ¶¶ 106-109.)

**IV.    Conclusion**

For these reasons, the United States asks the Court to accept the plea agreement and impose a sentence consistent with the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 9th day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s Jillian Besancon*
JILLIAN BESANCON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:
Loyd Tate

_s/Jillian Besancon_
U.S. Attorney's Office